UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYSHAUN DEANGELO HARRIS,

    Plaintiff,

v.                              Case No: 8:20-cv-2536-WFJ-CPT

J. DABUSH, D. RAMONOSKY,
TED A. GLEGG, MICHAEL
MCNAMARA and
HILLSBOROUGH COUNTY
SHERIFF'S OFFICE,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff Rayshaun Deangelo Harris's Civil Rights Complaint (Doc. 1), filed pursuant to 42 U.S.C. § 1983. Upon review, see 28 U.S.C. § 1915A, because Mr. Harris has failed to set forth his claims adequately, he will be required to file an amended complaint if he desires to proceed in this case.

Plaintiff sues the Hillsborough County Sheriff's Office and three of its officers, alleging false arrest and imprisonment under the Fourth and Fourteenth Amendments to the United States Constitution, as well as "false affidavits/fraudulent[] documents" under Section 817.155, Florida Statutes.

Mr. Harris claims that, while driving on an unspecified date and at an unspecified time, he was pulled over by Defendant Officers Dabush, Romanosky, and Glegg. (Doc. 1 at 8). After running his name through the system, the officers arrested Mr. Harris, "thinking [Mr. Harris] was carrying a firearm." (Doc. 1 at 9). The officers searched his vehicle, "found a firearm and tr[ied] to put it on [him]." (Doc. 1 at 9). Several days later, Mr. Harris was charged with "attempted murder first degree premeditated firearm discharge [] because of the firearm that was found in the vehicle." (Doc. 1 at 9). Mr. Harris requests an award of damages in the amount of $10,000 per minute of imprisonment.

First, to state a viable section 1983 claim, the named defendant(s) must be subject to being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). "Sheriff's departments and police departments are not usually considered legal entities subject to suit, . . . [and the] capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *Id.* (quoting Fed. R. Civ. P. 17(b)). Under Florida law, municipalities have the capacity to be sued, but police departments do not. *See Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. 3d DCA 1995). Therefore, because the Hillsborough County Sheriff's Office is not a legal entity amenable to suit, Plaintiff's claim against the Pinellas County Sheriff's Office is dismissed.

Next, Plaintiff has failed to state a claim for false arrest or imprisonment. "A warrantless arrest without probable cause violates the Constitution and forms the basis for a section 1983 claim." *Marx v. Gumbinner*, 905 F.2d 1503, 1505 (11th Cir. 1990). "The absence of probable cause is an essential element of a § 1983 claim for false arrest upon which the plaintiff bears the burden of proof." *Perez v. Johnson*, No. 6:07-cv-1947, 2008 WL 5122198, at *3 (M.D. Fla. Dec. 5, 2008) (citing *Rankins v. Evans*, 133 F.3d 1425, 1436 (11th Cir. 1998)). "Where a police officer lacks probable cause to make an arrest, the arrestee has a claim under section 1983 for false imprisonment based on a detention pursuant to that arrest." *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996). Plaintiff Harris has failed to allege the absence of probable cause for his arrest.

Moreover, it is unclear from the Complaint whether Mr. Harris is a pretrial detainee, or whether he has been convicted of the allegedly false charges. He should be aware that "a federal court may not interfere with ongoing state criminal proceedings except in the most extraordinary circumstances." *Lawrence v. Miami-Dade State Attorney*, 272 F. App'x 781, 781–82 (11th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). "Under the *Younger* abstention doctrine, to justify federal intervention, a petitioner "must show manifest bad faith and injury that is great, immediate, and irreparable, constituting harassment of the plaintiff in the exercise of his constitutional rights, and resulting in a deprivation of meaningful

3

access to the state courts." *Id.* at 781–82 (quoting *Allee v. Medrano*, 416 U.S. 802 (1974)). Further, the Supreme Court has also held that, where a prisoner plaintiff has been convicted of the charges related to the § 1983 complaint, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

Finally, Mr. Harris attempts to state a claim under § 817.155, Fla. Stat. That statute is a criminal statute that prohibits "[a]ny person . . . [from] knowingly and willfully falsify[ing] or conceal[ing] a material fact, mak[ing] any false, fictitious, or fraudulent statement or representation, or mak[ing] or us[ing] any false document, knowing the same to contain any false, fictitious, or fraudulent statement or entry." Fla. Stat. § 817.155. However, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R.S. v. Richard C.*, 410 U.S. 614, 619 (1973); *see also Otero v. U.S. Atty. Gen.*, 832 F.2d 141, 142 (11th Cir. 1987), and criminal statutes generally do not provide a private civil cause of action. *See, e.g.*, *Love v. Delta Air Lines*, 310 F.3d 1347, 1352-53 (11th Cir. 2002). Therefore, that claim is dismissed.

Accordingly, it is **ORDERED** that:

1. The Complaint (Doc. 1) is **DISMISSED without prejudice** to file an amended complaint within **THIRTY (30) DAYS** of the date of this order.

    a. To amend his complaint, Mr. Harris should completely fill out a new civil rights complaint on the form, marking it "Amended Complaint."

    b. The amended complaint must include all of Plaintiff's claims in this action; it may not refer back to or incorporate the original complaint. The amended complaint supersedes the original complaint, and all claims and facts in support thereof must be raised in the amended complaint.

2. **Mr. Harris is advised that his failure to fully comply with this Order will result in the dismissal of this action, for failure to state a claim, without further notice**.

3. The Clerk is directed to mail to Mr. Harris, along with this Order, a copy of the standard prisoner civil rights complaint form.

    **DONE** and **ORDERED** in Tampa, Florida on May 26, 2021.

    _____
    WILLIAM F. JUNG
    UNITED STATES DISTRICT JUDGE